UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEVEN DAVID PAWLISZKO,  CIVIL NO. 15-3994 (ADM/JSM)

    Petitioner,

v.  REPORT AND RECOMMENDATION

BECKY DOOLEY,
Warden, Moose Lake
Correctional Inst.,

    Respondent.

JANIE S. MAYERON, United States Magistrate Judge

    This matter is before the undersigned United States Magistrate Judge on petitioner Steven David Pawliszko's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254.  *See* Docket No. 1.  The petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  This Court has conducted a preliminary review of Lindsey's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Based on that review, this Court recommends transfer of Pawliszko's petition to the Eighth Circuit Court of Appeals.

    The Minnesota Court of Appeals summarized the facts of Pawliszko's crime and conviction as follows:

> In July 2007, Pawliszko repeatedly stabbed an ex-girlfriend in her home.  He was charged with one count of attempted first-degree murder, one count of attempted second-degree murder, one count of first-degree burglary, and one count of second-degree assault.  Pawliszko was offered a plea agreement but decided to go to trial.  A jury convicted him of all counts.  The district court then sentenced Pawliszko to

1

>   240 months in prison for the attempted first-degree murder conviction.

*Pawliszko v. State of Minnesota*, No. A14-0144, 2014 WL 5121939, at *1 (Minn. Ct. App. Oct. 14, 2014). The conviction and sentence were affirmed on appeal. *Id.*

Pawliszko has twice previously sought federal habeas relief in this District. The first habeas petition, filed in 2011, was dismissed without prejudice for failure to prosecute. *See Pawliszko v. King*, No. 11-CV-0525 (ADM/AJB) (D. Minn. filed Mar. 1, 2011). The second habeas petition, filed in 2012, was dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1). *See Pawliszko v. Smith*, No. 12-CV-0985 (ADM/AJB), 2012 WL 4815597, at *1-3 (D. Minn. Oct. 10, 2012). Pawliszko did not seek appeal from either of those dismissals.[1]

Pawliszko now seeks federal habeas relief from his conviction for a third time. This Court, however, lacks jurisdiction over Pawliszko's most recent habeas petition. Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

---

[1] Pawliszko then sought post-conviction relief in state court. That petition was denied for two reasons, both procedural. First, Minnesota law requires that a petition for post-conviction relief ordinarily be filed within two years after the appellate disposition of the petitioner's direct appeal. *See* Minn. Stat. § 590.01, subd. 4(a). Pawliszko had filed his state post-conviction petition almost four years after the final disposition of his direct appeal. Moreover, no state-law exception to the two-year limitations period was found to apply. Accordingly, Pawliszko's petition was deemed to be time-barred. *See Pawliszko v. State*, 2014 WL 5121939, at *4-5. Second, under Minnesota law, "all claims raised in the appeal, and all claims known at the time of appeal or that should have been known at that time, will not be considered in a subsequent petition for postconviction relief." *Id.* at *5 (citing, inter alia, *State v. Knaffla*, 243 N.W. 737, 741 (1976)). Pawliszko had raised on direct appeal each of the issues he sought to raise on post-conviction review; accordingly, he was barred from again litigating those issues in state court. *Id.*

The denial of Pawliszko's second habeas petition for untimeliness constitutes a decision on the merits of that earlier petition. *See Diaz-Diaz v. United States*, 297 Fed. App'x 574, 575 (8th Cir. 2008) (per curiam); *Johnson v. Workman*, 446 Fed. App'x 92, 93 n.1 (10th Cir. 2011); *McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (per curiam); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam); *Thompson v. United States*, No. 4:10CV1571, 2011 WL 6217065, at *3 (E.D. Mo. Dec. 14, 2011); *cf. Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds . . . as a judgment on the merits."). Because one of Pawliszko's previous habeas petitions challenging his state-court conviction has already been denied on the merits, Pawliszko must receive authorization from the Eighth Circuit before again seeking habeas relief in federal court. *See* 28 U.S.C. § 2244(b)(3)(A). There is no indication that Pawliszko has done so. Accordingly, this Court is without jurisdiction to consider Pawliszko's most recent habeas petition. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) (per curiam).

Pawliszko argues that his claims of "actual innocence" circumvent the requirement that he first seek authorization from the Eighth Circuit before filing a second-or-successive habeas petition in this District. *See* Memorandum at 2 [Docket No. 2]. It is true that, in some circumstances, a showing of actual innocence can overcome certain procedural restrictions on habeas relief, such as the requirement that state remedies be exhausted, *see Schlup v. Delo*, 513 U.S. 298, 315-16 (1995), or that the petition be filed within the relevant limitations period, *see McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But these cases "do not affect the jurisdictional pre-authorization requirement under 28 U.S.C. § 2244(b)(3)(A)." *Wayne v. Minnesota*,

No. 12-CV-0549 (MJD/TNL), 2012 WL 1657536, at *1 (D. Minn. May 11, 2012).  Indeed, an actual-innocence exception to § 2244(b)(3)(A) would nearly eviscerate that provision, as actual-innocence claims are one of only two types of claims that can be authorized *at all* for consideration in a second-or-successive habeas petition (the other is claims that rely on a new rule constitutional law made retroactive on collateral review by the Supreme Court).  See 28 U.S.C. § 2244(b)(2).  In other words, absent reliance on a new retroactively applicable rule, a showing of actual innocence is a *prerequisite* to certification by an appellate court; it is not an *exception* to certification.

Because this Court lacks jurisdiction over this matter, it must either be dismissed without prejudice or transferred to the appropriate venue.  See 28 U.S.C. § 1631.  From the record available to this Court, it does not appear that Pawliszko has ever sought authorization from the Eighth Circuit for the claims raised in this habeas petition.  Moreover, Pawliszko has at least a non-frivolous argument that his claims are among those for which a second-of-successive habeas petition could be permitted.  See 28 U.S.C. § 2244(b)(1)(B).  Accordingly, this Court finds that it would be in the interest of justice to transfer this matter to the Eighth Circuit for further consideration by that Court.

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this matter be TRANSFERRED to the Eighth Circuit Court of Appeals under 28 U.S.C. § 1631.

Dated:   November 30, 2015         *s/ Janie S. Mayeron*
                                    JANIE S. MAYERON
                                    United States Magistrate Judge

## **NOTICE**

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 14, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.